UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPERIOR CONSULTING SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JENNIFER L STEEVES-KISS, <br><br> Defendant. | Case No. 17-cv-06059-EMC <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND MOTION FOR SANCTIONS** <br><br> Docket Nos. 18, 24 |

The Court ruled from the bench on March 1, 2018, granting Ms. Steeves-Kiss' motion to dismiss and her motion for sanctions. *See* Docket Nos. 18, 24. This order summarizes the Court's reasoning, which was stated on the record.

The motion to dismiss is granted in light of the 2005 confidentiality agreement's expiration clause that freed Procter & Gamble from any obligations regarding the disclosure and use of the purportedly confidential information. Superior Consulting identified no cognizable property right that survives the expiration clause and no act in contravention of property law. *See Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 236-40 (2010), *as modified on denial of reh'g* (May 27, 2010), *disapproved of on other grounds*, *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011). The disputed information appears to have been plead as a trade secret, but any trade secret protection was eviscerated by the expiration provision. Plaintiff failed to identify or establish any other basis for a property right and none which survives the unlimited disclosure permitted under the 2005 agreement.

The Court takes judicial notice of the confidentiality agreement in this motion to dismiss because its authenticity is not contested and it is referenced in the First Amended Complaint and

lays the predicate for the other allegations, particularly that of the disputed information's confidentiality. *See Lee v. City of Los Angeles*, 240 F.3d 668, 688 (9th Cir. 2001). Even if the Court did not take the confidentiality agreement into account, the California Uniform Trade Secrets Act preempts Plaintiff's claims. *See K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 957-58 (2009); *Mattel, Inc. v. MGA Entm't, Inc. v. Consol. Actions*, 782 F. Supp. 2d 911, 987 (C.D. Cal. 2010).

The motion for sanctions is granted under Rule 11. Sanctions are warranted in part because the First Amended Complaint misleadingly plead the disputed information was confidential. The FAC and ¶ 32 in particular should have contained the critical fact of the expiration provision's existence and terms permitting disclosure. Furthermore, the FAC contained no colorable basis to support a property right and therefore nothing to support the legal claims. Finally and secondarily, the timing of the complaint's filing and service – on the eve of Ms. Steeves-Kiss' deposition in the Florida litigation – suggests that Superior Consulting filed suit at least in part to intimidate Ms. Steeves-Kiss. This is particularly so given that Plaintiff indicated at the motions hearing that it had discovered the factual basis for their complaint four (4) weeks prior to filing; yet it took Plaintiff four (4) weeks to file a threadbare complaint. Attorney's fees shall be granted to Ms. Steeves-Kiss. The minute entry details the timeline regarding the fee request. *See* Docket No. 40.

This order disposes of Docket Nos. 18 and 24.

**IT IS SO ORDERED**.

Dated: March 8, 2017

_____
EDWARD M. CHEN
United States District Judge