UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPERIOR CONSULTING SERVICES, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>JENNIFER L STEEVES-KISS,<br><br>    Defendant. | Case No. 17-cv-06059-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR ATTORNEYS' FEES AND COSTS**<br><br>Docket No. 44 |

Plaintiff Superior Consulting Services filed this action against Jennifer L. Steeves-Kiss asserting claims for violations of common law unfair competition and common law civil theft. Docket No. 16 ("Amended Compl.") ¶¶ 48-64. This Court granted Ms. Steeves-Kiss' motion to dismiss and motion for sanctions against Superior Consulting on March 8, 2017. *See* Docket No. 43. In granting Ms. Steeves-Kiss' motion for sanctions, the Court ordered that attorney's fees shall be paid to Ms. Steeves-Kiss. *See id.* Pending before the Court is Ms. Steeves-Kiss' request for said attorney's fees. *See* Docket No. 44 ("Def. Supp. Br."). For the reasons set forth below, the Court **AWARDS** Ms. Steeves-Kiss $110,799.50 in attorney's fees.

    **I.**    **FACTUAL & PROCEDURAL BACKGROUND**

This case was initiated by Superior Consulting on October 23, 2017, against Ms. Steeves-Kiss for violations of the Defense of Trade Secrets Act 18 U.S.C. § 1836 *et seq.*, California Business and Professions Code § 17200 *et seq.*, and California Penal Code § 496(c). *See* Docket No. 1 ("Compl."). On November 29, 2017, Superior Consulting amended its complaint and changed its causes of action against Ms. Steeves-Kiss. *See* Amended Compl. ¶¶ 48-64. Superior Consulting's amended complaint brought claims only for violations of common law unfair competition and common law civil theft against Ms. Steeves-Kiss. *Id.*

In December 2017, Ms. Steeves-Kiss filed a motion to dismiss and a motion for sanctions. *See* Docket Nos. 18, 24. The Court granted both of these motions on March 8, 2017. *See* Docket No. 43. In granting Ms. Steeves-Kiss' motion for sanctions, the Court ordered that attorney's fees shall be paid to Ms. Steeves-Kiss. *Id.* Ms. Steeves-Kiss now requests her attorney's fees and expenses in the amount of $149,889.77. Def. Supp. Br. at 5. Ms. Steeves-Kiss argues that this amount is appropriate in light of the amount she incurred, the hourly rates of her attorneys, and the amount of time her attorneys spent on this action. *Id.* at 2-4. As support, Ms. Steeves-Kiss offers a declaration by her attorney, billing records, and a *Laffey* Matrix analysis.[1] *Id.* at 2-5; Docket No. 44-1 ("Weikert Decl."); Docket No. 44-5 ("Billing Records").

Superior Consulting opposes Ms. Steeves-Kiss' request for attorney's fees arguing that (1) Ms. Steeves-Kiss is not entitled to recover attorney's fees because she was indemnified by her previous employer, Shaklee Corporation, (2) much of the attorney's fees requested by Ms. Steeves-Kiss were not directly related to Superior Consulting's sanctionable conduct, and (3) the amount of fees requested by Ms. Steeves-Kiss is otherwise unreasonable. *See* Docket No. 48 ("Plf. Supp. Br.").

## II. <u>LEGAL STANDARD</u>

A Rule 11 sanction may consist of or include an order directing the violator to pay the attorney's fees incurred by the other party as a result of the Rule 11 violation. *See* Fed. R. Civ. P. 11(c)(2); *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1198 (9th Cir. 1999). These awards are subject to two conditions. First, the fee award is limited to fees "directly resulting from the violation." Fed. R. Civ. P. 11(c)(2). Second, the fees to be awarded must be reasonable. *See* Fed. R. Civ. P. 11(c)(2), (4) (Rule 11 permits recovery of "all of the reasonable attorney's fees and other expenses directly resulting from the violation" and for "the reasonable expenses, including attorney's fees, incurred for the [sanctions] motion."). Courts typically determine reasonableness by conducting a lodestar analysis of the hours expended and the hourly rate charged. *See*

---

[1] The *Laffey* Matrix is a compilation of attorney rates in the Washington, D.C., area based on varying levels of litigation experience. *See Laffey v. Nw. Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984).

*McGrath v. Cty. of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

In addition, "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). And sanctions may not be imposed for expenses incurred in proceedings bearing only an "attenuated" relation to the sanctionable conduct. *See Lloyd v. Schlag*, 884 F.2d 409, 415 (9th Cir. 1989) (finding that a motion to reopen and amend bore only "attenuated" relation to frivolous complaint previously filed).

### III. DISCUSSION

Rule 11 permits an award of "only those expenses directly caused by the [improper] filing." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 406-07 (1990). The improper filings here for which Superior Consulting was sanctioned are Superior Consulting's original Complaint and Amended Complaint, both of which misleadingly pleaded that the disputed information was confidential and which contained no colorable basis for a property right claim. *See* Docket No. 43 ("Order on Motion to Dismiss"). Thus, Ms. Steeves-Kiss is entitled to the attorney's fees she incurred that were directly caused by Superior Consulting's filing of the original Complaint and the Amended Complaint.

A. Indemnification Agreement

Superior Consulting opposes Ms. Steeves-Kiss' request for attorney's fees, arguing that Ms. Steeves-Kiss is not entitled to recover attorney's fees because she was indemnified by her previous employer, Shaklee Corporation. Plf. Supp. Br. at 15 (citing Billing Records). In other words, Superior Consulting contends that Ms. Steeves-Kiss is not entitled to recover attorney's fees because she did not in fact pay attorney's fees. *Id.* The Court is not persuaded.

Ms. Steeves-Kiss is seeking attorney's fees under Rule 11. *See* Def. Supp. Br. Rule 11 provides:

> *Nature of a Sanction*. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an

3

> order directing payment to the movant of part or all of the *reasonable attorney's fees and other expenses directly resulting from the violation*.

Fed. R. Civ. P. 11(c)(4) (emphasis added). In setting forth the procedures for bringing a motion for sanctions, Rule 11(c)(2) additionally specifies that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2).

Superior Consulting suggests that attorney's fees "incurred" under Rule 11 are limited to attorney's fees *actually paid* by Ms. Steeves-Kiss. Plf. Supp. Br. at 15. Superior Consulting cites cases where *pro se* litigants could not recover attorney's fees because they did not incur any fees. *See Massengale v. Ray*, 267 F.3d 1298, 1303 (11th Cir. 2001) (finding that because the party "did not incur legal fees as a cost or expense in representing himself, the district court erred in awarding $25,000 in attorney's fees to [the party] as a [Rule 11] sanction"); *In re Affiliated Foods Sw., Inc.*, 472 B.R. 538, 558 (Bankr. E.D. Ark. 2012). In those cases, the litigants incurred no attorney's fees because they represented themselves and did not have counsel. In contrast, in the case at bar, fees were incurred as a result of Superior Consulting's conduct; the only dispute stems from the fact that fees were ultimately incurred by Ms. Steeves-Kiss' employer, not by her. But courts have interpreted the term "incurred" in the context of Rule 11 attorney's fees not to require payment. For example, in *Gurary v. Winehouse*, 270 F. Supp. 2d 425 (S.D.N.Y. 2003), the sanctioned party argued that the meaning of "incurred" within Rule 11 means "actually sustained." *Id.* at 430. The Court rejected this argument, finding instead that awarding attorney's fees under Rule 11 did not require payment because "[t]he notion that 'incurred' requires payment is not supported by the dictionaries." *Id.* In reaching this result, the Court explained that:

> [Dictionaries] do not require evidence of payment (which would extinguish the liability), but rather stress the presence of a liability. Webster's Third New International Dictionary (Merriam–Webster 1981) says "become liable or subject to: bring down upon oneself (*incurred* large debts to educate his children)"; Merriam–Webster's Tenth Collegiate Dictionary (2000) ("to become liable or subject to"); Black's Law Dictionary, Fifth ed. (West 1979)("To become liable or subject to.").

*Id.* It is notable that Rule 11 specifies that attorney's fees may be awarded for those fees that were

4

"incurred"; it does not require that they be "paid."

Moreover, Superior Consulting would be afforded an undue windfall if it caused fees to be wrongly incurred but escaped responsibility therefor because the party ultimately bearing the cost of the fees is not the party directly wronged. Whether Ms. Steeves-Kiss' employer might have some kind of right to subrogate or obtain indemnification from Ms. Steeves-Kiss' recovery should not be a concern to Superior Consulting. *See Honua Techs., Inc. v. Krungthep Thanakom, Co., Ltd.*, No. 05–00523 BMK, 2007 WL 3022613, at *4 (D. Haw. Oct. 15, 2007) (finding that plaintiff retained the right to recover fees and costs, regardless of those fees and costs being covered by an insurer); *cf. Green v. Denver & Rio Grande W. R.R. Co.*, 59 F.3d 1029 (10th Cir. 1995) (discussing collateral source rule). Such a result would undermine the deterrence purpose of Rule 11.

Superior Consulting requests an evidentiary hearing and seeks to obtain the indemnification agreement from Ms. Steeves-Kiss. Plf. Supp. Br. at 17. For the reasons stated above, the indemnification agreement is irrelevant, and Superior Consulting's request for an evidentiary hearing is denied.

B. <u>Scope of Attorney's Fees</u>

Superior Consulting also opposes Ms. Steeves-Kiss' request for attorney's fees on the ground that it includes fees and expenses not directly related to the Rule 11 violation. Plf. Supp. Br. at 18-20. Some of the billing entries provided by Ms. Steeves-Kiss were for work completed by her attorneys with respect to a Florida action brought by Superior Consulting against her former employer, Shaklee Corporation, and for work on an indemnification and joint defense agreement between Ms. Steeves-Kiss and Shaklee Corporation.[2] Superior Consulting argues that fees should be excluded for both categories of work.

As for fees generated by the Florida action, Rule 11 permits recovery of "all of the reasonable attorney's fees and other expenses directly resulting from the violation" and for "the

---

[2] Ms. Steeves Kiss was deposed in a Florida action brought by Superior Consulting against her former employer, Shaklee Corporation. *See Superior Consulting Services, Inc. v. Shaklee Corp.*, No. 6:16-02001-GAP-GJK (M.D. Fla.).

5

reasonable expenses, including attorney's fees, incurred for the [sanctions] motion." Fed. R. Civ. P. 11(c)(2), (4). Rule 11 permits an award of "only those expenses directly caused by the filing." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 406-07 (1990). Here, there is no evidence that Ms. Steeves-Kiss was involved in the Florida action as a result of the present action. In other words, Ms. Steeves-Kiss would have still incurred attorney's fees for her involvement in the Florida action even if Superior Consulting did not file the original Complaint or the Amended Complaint. Thus, Ms. Steeves-Kiss may not recover fees incurred in the Florida action.

In response, Ms. Steeves-Kiss cites *Gaskell v. Weir*, 10 F.3d 626 (9th Cir. 1993). *Gaskell* provides that "[i]n a case like this, where the original complaint is the improper pleading, all attorney fees reasonably incurred in defending against the claims asserted in the complaint form the proper basis for sanctions." *Id.* at 628. But *Gaskell* does not help Ms. Steeves-Kiss because her representation in the Florida action was not "for defending against claims asserted" in the present action.

Similarly, Superior Consulting argues that the fees Ms. Steeves-Kiss incurred with respect to her indemnification and joint defense agreement with Shaklee Corporation are not recoverable. Plf. Supp. Br. at 19. An instructive case is *Lloyd v. Schlag*, 884 F.2d 409 (9th Cir. 1989). In *Lloyd*, the Ninth Circuit reviewed the district court's decision to impose sanctions on the plaintiff for filing a frivolous complaint. *Id.* at 410. The sanction included attorney's fees incurred by the defendant in opposing the plaintiff's motion to reopen and amend. *Id.* at 414-15. The Ninth Circuit vacated this award because the motion only bore "attenuated" relation to the frivolous complaint, even though the complaint was the but-for cause of that motion. *Id.*

Like in *Lloyd*, the connection between the sanctionable conduct and the work completed by Ms. Steeves-Kiss' attorneys with respect to the indemnification and joint defense agreement is attenuated. *Gaskell* does not help Ms. Steeves-Kiss here either; despite Superior Consulting's objection to such fees, Ms. Steeves-Kiss does not explain how fees incurred for the indemnification and joint defense agreement may be deemed incurred in "defending against claims asserted" in the present action. Thus, Ms. Steeves-Kiss may not recover fees incurred with respect to her indemnification and joint defense agreement with Shaklee Corporation. This exclusion,

6

along with the exclusion of fees from the Florida litigation, results in the exclusion of 29.9 hours for Robert A. Weikert and 0.8 hours for Brianna Howard.

Last, Superior Consulting suggests that fees should not be awarded for Ms. Steeves-Kiss' efforts in bringing the motion for sanctions. Plf. Supp. Br. at 20. But the "December 1, 1993 amendment to Rule 11 specifically allows a district court to include the costs associated with sanctions proceedings." *Kunimoto v. Fidell*, 26 F. App'x 630, 633-34 (9th Cir. 2001) (citing *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998)). Thus, Ms. Steeves-Kiss may recover fees incurred in bringing the motion for sanctions.

C. <u>Amount of Attorney's Fees</u>

Ms. Steeves-Kiss requests attorney's fees and expenses in the amount of $149,889.77. Def. Supp. Br. at 5. For the reasons stated below, the Court finds that an award of $110,799.50 in attorney's fees is appropriate here. The Court employs the lodestar method to determine the amount of fees that were reasonably incurred in connection with this case. First, the "lodestar figure," or the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, is calculated. *See McGrath*, 67 F.3d at 252 (9th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). Hours found to be not "reasonably expended" on the litigation should be excluded. *Id.* (citing *Hensley*, 461 U.S. at 434). The Court then assesses whether it is necessary to adjust the lodestar figure on the basis of the factors outlined in *Kerr v. Screen Actors Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Morales v. City of San Raphael*, 96 F.3d 359, 364 (9th Cir. 1996) (internal quotations and citations omitted).

Robert A. Weikert, Dawn Valentine, and Brianna Howard billed 119.8 hours, 116.8 hours, and 32.3 hours, respectively. Weikert Decl. ¶¶ 10-12. As noted *supra*, hours expended on the Florida action and on the indemnification and joint defense agreement are excluded. For this reason, the Court excludes 29.9 hours billed by Mr. Weikert and 0.8 hours billed by Ms. Howard. This leaves 89.9 hours, 116.8 hours, and 31.5 hours billed by Mr. Weikert, Ms. Valentine, and Ms. Howard, respectively.

United States District Court
Northern District of California

In reviewing billing records, courts exclude "hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Defense counsels' billing records indicate a fairly significant number of hours dedicated to telephone conferences and emails. Additionally, the number of hours expended by multiple attorneys to draft the same document is excessive. The precise number of hours unnecessarily expended on these activities is not evident due to defense counsels' block billing. For these reasons, defense counsels' claimed hours are further reduced by 10 percent. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation."). Thus, Mr. Weikert, Ms. Valentine, and Ms. Howard reasonably billed 80.9, 105.1, 28.4 hours, respectively.

As for the reasonable hourly rate, district courts in Northern California have found that rates of $475-$975 per hour for partners and $300-$490 per hour for associates are reasonable. *See Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07–05923 WHA, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (finding hourly rates between $475-$975 for partners and $300-$490 for associates in the Bay Area to be reasonable); *Brighton Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (finding that the district court did not abuse its discretion in awarding attorney's fees based on 2008 hourly rates for Bay Area attorneys of up to $740 for a partner and $370 for an associate). Here, Ms. Steeves-Kiss requests an hourly rate of $785 for Mr. Weikert, $350 for Ms. Valentine, and $370 for Ms. Howard. Based on the experience and qualifications of Ms. Steeves-Kiss' counsel and the tasks they performed on these matters, the requested hourly rates are appropriate.[3]

---

[3] Ms. Steeves-Kiss argues that the *Laffey* Matrix supports her requested attorney's fees. *See* Def. Supp. Br.at 3. Superior Consulting suggests that the *Laffey* Matrix is inapplicable in California. *See* Plf. Supp. Br. at 20 ("[J]ust because the *Laffey* Matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away.") (citing *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir.2010)). However, courts in this circuit are divided over the relevance of the *Laffey* Matrix in determining market rates. *Compare, e.g.*, *Cruz ex rel. Cruz v. Alhambra School Dist.*, 601 F. Supp. 2d 1183, 1200 n.15 (C.D. Cal. 2009) (finding the *Laffey* Matrix "inconsistent with the standards" for calculating a reasonable fee); with *Young v. Polo Retail, LLC*, No. C–02–4546 VRW, 2007 WL 951821, at *7 (N.D. Cal. Mar. 28, 2007) (applying the *Laffey* Matrix). In fact, this Court refused to apply the *Laffey* Matrix in several cases. *See, e.g.*, *Dropbox, Inc. v. Thru Inc.*, No. 15-cv-01741-EMC, 2017 WL 914273, at *4 (N.D. Cal. Mar. 8, 2017). *Id.* (declining

Mr. Weikert is a senior partner at Nixon Peabody. Weikert Decl. ¶ 10. His hourly rate in this case was $785 per hour. *Id.* He holds a bachelor's degree from University of California, Berkeley, and a J.D. from Santa Clara University School of Law. *Id.* With more than 32 years of legal experience, he is co-Chair of Nixon Peabody's Commercial Litigation practice group, and the leader of the Trade Secrets team at the firm. *Id.* Therefore, in light of his experience and the average rates of law firm partners in the Bay Area, *see e.g.*, *In re High-Tech Emp. Antitrust Litig.*, No. 11–CV–02509–LHK, 2015 WL 5158730, at *9 (N.D. Cal. Sept. 2, 2015) (approving rates of "about $490 to $975" for partners); *Gutierrez*, 2015 WL 2438274, at *5 (finding hourly rates between $475-$975 for partners to be reasonable), his rate of $785 per hour is reasonable. As noted *supra*, Mr. Weikert reasonably billed 80.9 hours. Multiplied by the $785 hourly rate, the lodestar figure for Mr. Weikert is $63,506.50.

Ms. Valentine is Of Counsel at Nixon Peabody. Weikert Decl. ¶ 11. Her hourly rate in this case was $350 per hour. *Id.* She holds a bachelor's degree from Boston University and a J.D. from the University of California, Berkeley. *Id.* She has 19 years of experience as a litigator. Therefore, her rate of $350 per hour is reasonable. As noted *supra*, Ms. Valentine reasonably billed 116.8 hours. Multiplied by the $350 hourly rate, the lodestar figure for Ms. Valentine is $36,785.

Ms. Howard is an Associate at Nixon Peabody. Weikert Decl. ¶ 12. Her hourly rate in this case was $370 per hour. *Id.* She holds a bachelor's degree from the University of California, Los Angeles, and a J.D. from University of California, Hastings College of the Law. *Id.* The record is unclear about Ms. Howard's years of experience. Nevertheless, her hourly rate is reasonable in light of associate rates found by courts in the Bay Area. *See Gutierrez*, 2015 WL 2438274, at *5 (rates of $300-$490 per hour for associates are reasonable in the Bay Area). As noted *supra*, Ms. Howard reasonably billed 31.5 hours. Multiplied by the $370 hourly rate, the lodestar figure for Ms. Howard is $10,508.

---

defendant's request to use the *Laffey* Matrix because the party requesting fees, the plaintiff, had submitted competent evidence showing market rates in that area). The Court does not consider the *Laffey* Matrix here because Ms. Steeves-Kiss has presented other evidence that is sufficient to show market rates in the Bay Area.

1          Adding the three adjusted lodestar figures for Ms. Steeves-Kiss' attorneys, she is entitled to an award of $110,799.50 in attorney's fees.

D. Allocation of Liability

Rule 11 sanctions may be imposed "on any attorney, law firm, or party" that violated Rule 11 or who is responsible for the violation. Fed. R. Civ. P. 11(c)(1). Sanctions may be imposed against the client alone, the attorney alone, or both the client and the attorney based on their relative responsibility. *See, e.g.*, *Pan-Pac. & Low Ball Cable Television Co. v. Pac. Union Co.*, 987 F.2d 594 (9th Cir. 1993) (imposing sanctions on client because client was catalyst, was "well-positioned to investigate the facts," and failed to make appropriate inquiry); *Oganyan v. Square Two Fin.*, No. CV 11–10226 RGK (VBKx), 2012 WL 4466607, at *3 (C.D. Cal. Sept. 26, 2012) (imposing sanctions on plaintiff's counsel because he failed to make even a cursory investigation into underlying facts or law).

Ms. Steeves-Kiss seeks to impose sanctions on Superior Consulting and its counsel. *See* Docket No. 24. But there is no evidence that Superior Consulting was responsible for the sanctionable conduct. Superior Consulting did not sign the original Complaint or the Amended Complaint and there is no factual basis for concluding that it did anything that would warrant any Rule 11 sanction. Superior Consulting's counsel, and not Superior Consulting, is the one that served Ms. Steeves-Kiss, advanced the legally baseless argument, and signed the original Complaint and the Amended Complaint. Thus, the Court finds that sanctions are properly imposed against Superior Consulting's counsel only.

## IV. CONCLUSION

For the foregoing reasons, the Court orders Superior Consulting's counsel to pay Ms. Steeves-Kiss $110,799.50 in attorney's fees.

This order disposes of Docket No. 44.

**IT IS SO ORDERED**.

Dated: May 11, 2018

_____
EDWARD M. CHEN
United States District Judge

10