UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPERIOR CONSULTING SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JENNIFER L STEEVES-KISS, <br><br> Defendant. | Case No. 17-cv-06059-EMC (JSC) <br><br> **ORDER DENYING MOTION TO STAY JUDGMENT AND GRANTING MOTION FOR JUDGMENT DEBTOR EXAM** <br><br> Re: Dkt. Nos. 60 |

The district court ordered "Plaintiff's counsel" to pay $110,000 as Rule 11 sanctions. (Dkt. Nos. 43 & 54.) Defendant subsequently moved for a judgment debtor's exam. (Dkt. No. 57.) The Court set a telephone status conference on that motion. At the August 9, 2018 telephone status conference Plaintiff's counsel affirmatively represented that they intended to file a bond to stay execution of the judgment. (Dkt. No. 59.) In light of that representation, the Court ordered that the bond be filed by August 17, 2018. (*Id.*) Unfortunately, counsel's representation was untrue; instead of filing a bond, on August 17, 2018 Plaintiff filed a motion to stay execution of the judgment pending appeal. (Dkt. No. 60.) After carefully considering Plaintiff's motion, and having had the benefit of a hearing on September 20, 2018, Plaintiff's motion is DENIED. The district court imposed the sanction against Plaintiff's counsel, that is, Watson LLP, and Plaintiff does not even attempt to show that Watson LLP cannot post a bond. Moreover, even if the sanctions were imposed against Coleman Watson personally, he has not come close to meeting his burden for excusing his obligation to post a bond.

//

//

//

**DISCUSSION**

Under Federal Rule of Civil Procedure 62 a judgment debtor may obtain a stay of the judgment pending appeal by supersedeas bond approved by the court. Fed. R. Civ. P. 62(d). Plaintiff nevertheless argues that the court has discretion to stay the judgment without requiring a bond "(1) where the defendant's ability to pay is so plain that the cost of the bond would be a waste of money; and (2) where the requirement would put the defendant's other creditors in undue jeopardy." *Quinones v. Chase Bank USA, N.A.*, No. 09CV2748-AJB BGS, 2012 WL 1530155, at *2 (S.D. Cal. May 1, 2012) (internal quotation marks and citation omitted). Assuming, without deciding, that Plaintiff's recitation of the law as to the Court's discretion is correct, the record does not support a finding that either requirement is met for several reasons.

Plaintiff's motion to stay execution of the judgment of sanctions is premised entirely on its insistence that the district court imposed the sanctions against attorney Coleman Watson personally, rather than the law firm that represented Plaintiff: Watson LLP. The Court disagrees.

First, Defendant moved for Rule 11 sanctions against Plaintiff's "counsel," not Mr. Watson. Nowhere in her sanctions motion or reply does Defendant seek sanctions against Mr. Watson as opposed to Plaintiff's counsel. As the docket reflects, counsel includes Mr. Watson, Watson LLP, and Leia Leitner.

Second, nothing in the district court's orders granting the sanctions or the transcript of the hearing suggests that the court was imposing sanctions against Mr. Watson personally as opposed to the law firm that represents Plaintiff. (Dkt. Nos. 43, 47, 54.) To the contrary, the district court stated that it was sanctioning Plaintiff's "counsel." If the district court intended to sanction Mr. Watson alone the court would have called him out by name.

Third, Plaintiff was represented by more than just Mr. Watson; indeed, Mr. Watson did not even appear for the hearing on the motion to dismiss and motion for sanctions; instead, Plaintiff was represented by Leia Leitner at the hearing where Ms. Leitner attempted to defend Plaintiff's counsel's decision to file this lawsuit. (Dkt. Nos. 40 & 47.)

Fourth, California Business and Professions Code § 6068(o)(3) mandates that an attorney admitted to practice law in California "report to the agency charged with attorney discipline, in

1   writing, within 30 days of the time the attorney has knowledge of . . . [t]he imposition of judicial
2   sanctions against the attorney, except for sanctions for failure to make discovery or monetary
3   sanctions of less than . . . $1,000." At oral argument Plaintiff conceded that Mr. Watson had made
4   no such report; accordingly, even he apparently does not believe the sanctions were imposed
5   against him personally. As the sanctions were imposed against Watson LLP, Plaintiff's motion to
6   stay execution of the judgment must be denied.

7   Even if the sanctions were imposed against Mr. Watson personally, the record does not
8   show that a bond is a waste of money or that other creditors will be put in undue jeopardy.
9   Plaintiff's motion itself demonstrates that a bond is needed: Plaintiff contends that Mr. Watson
10  cannot even pay a bond on a $110,000 judgment without going in default on his student loans.
11  And Mr. Watson's declaration does not credibly demonstrate that his student loans will go into
12  default if he is required to post a bond. He does not explain what the amount of the bond would
13  be. He does not identify his income, his other debts, his ability to obtain credit, or the amount of
14  his student loan payments. (Dkt. No. 60-2.) His conclusory statement that "[i]t is financially
15  impossible for me to personally post a supersedeas bond in the amount of $110,799.50" is not
16  credible, especially given that he misrepresented to this Court that the debtor intended to file a
17  supersedeas bond. (Dkt. No. 59.)

18  For all these reasons, the motion to stay the execution of the judgment is **DENIED**.
19  Further, Defendant's motion for a judgment debtor exam is **GRANTED**. A representative of the
20  law firm of Watson LLP with knowledge of its finances shall appear in this Court on October 11,
21  2018 at 9:00 a.m. for a judgment debtor exam. A separate order will issue on the judgment debtor
22  exam.

23  Any party may file objections to this Order with the district judge within fourteen days
24  after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ.
25  L.R. 72. Failure to file an objection may waive the right to review of the issue in the district court.
26  This Order terminates Docket Nos. 57 & 60.
27  **IT IS SO ORDERED.**
28  Dated: September 21, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge