UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPERIOR CONSULTING SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER L STEEVES-KISS,<br><br>Defendant. | Case No. 17-cv-06059-EMC (JSC)<br><br>**ORDER RE: DEFENDANT'S MOTION TO REGISTER THE JUDGMENT IN FLORIDA FEDERAL COURT**<br><br>Re: Dkt. No. 75 |

The district court ordered Plaintiff's counsel, Watson LLP, to pay $110,799.50 in attorney's fees as Rule 11 sanctions. (Dkt. Nos. 43 & 54.) Plaintiff appealed from that order, and that appeal remains pending.[1] (*See* Dkt. No. 45.) Defendant then moved for a judgment debtor's examination, (Dkt. No. 57), which was referred to this Court and subsequently granted, (Dkt. Nos. 58 & 73). A judgment debtor's examination held on October 11, 2018 revealed that Watson LLP held no assets in California and instead, held assets only in Florida. (*See* Dkt. Nos. 74 & 75-1 at ¶ 6.) Now pending before the Court is Defendant's motion for an order permitting registration of the judgment in Florida Federal Court "as security against further improper behavior on the part of Watson LLP." (Dkt. No. 75 at 3.) After careful consideration of the parties briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), vacates the January 17, 2019 hearing, and GRANTS Defendant's motion.

**DISCUSSION**

Pending appeal, a "judgment is only enforceable in the district in which it was rendered, unless the judgment is 'registered' in another district by court order." *Columbia Pictures*

---

[1] Plaintiff did not post a supersedeas bond for a stay pending appeal. (*See* Dkt. Nos. 75-1 at ¶ 4 & 76 at 2.)

*Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001) (citing 28 U.S.C. § 1963). Pursuant to 28 U.S.C. § 1963:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

"Section 1963 thus permits a district court to issue an order certifying a judgment for registration during the pendency of an appeal upon a finding of 'good cause.'" *Columbia Pictures Television, Inc.*, 259 F.3d at 1197. Defendant argues that the "good cause" requirement is satisfied here. The Court agrees.

Although the Ninth Circuit has not defined "good cause" for purposes of Section 1963, it has recognized that district courts "that have found good cause have generally based their decisions on" two factors: (1) "the absence of assets in the judgment forum"; and (2) "the presence of substantial assets in the registration forum." *Id.* Here, Plaintiff concedes that "Watson LLP has no assets within the jurisdictional reach of the United States District for the Northern District of California." (Dkt. No. 76 at 3.) The first element of the good cause requirement is therefore satisfied. Plaintiff insists, however, that Watson LLP's assets in Florida are not "substantial" and thus "based on strict reading of *Columbia Pictures Television*, the good cause standard has not been met."[2] (Dkt. No. 76 at 3.) Plaintiff provides no further argument or authority regarding its reading of *Columbia Pictures Television* or what constitutes "substantial assets." The Court is not convinced.

It is undisputed that during the October 2018 examination Watson LLP identified no other assets except those located in Florida. Specifically, Watson LLP identified: (1) a checking account with a Florida bank containing approximately $45,000; (2) and a "main [office] and headquarters" located in Orlando, Florida.[3] (*See* Dkt. No. 75-6, Ex. E at 3-6.) It is obvious to the

---

[2] Plaintiff argues that "the assets are not even half of the judgment amount and are certainly insufficient to satisfy the judgment, based on the portion of the transcript [of the debtor's examination] that Defendant attached to its motion." (Dkt. No. 76 at 3.)

[3] Watson LLP does not own the real property that contains its main office and headquarters; instead, it leases the property. There is no indication, however, that Watson LLP does not own personal property associated with that location.

Court that a forum containing *all* of a judgment debtor's identifiable assets satisfies the "substantial assets" prong of the good cause requirement recognized by the Ninth Circuit; indeed, it would make no sense to conclude otherwise.

**CONCLUSION**

For the reasons set forth above, the Court GRANTS Defendant's motion to register the judgment in Florida Federal Court. Defendant has shown good cause as the evidence demonstrates that Watson LLP lacks any assets in the Northern District of California, and possesses assets only in Orlando, Florida. Accordingly, Defendant may register the judgment in the United States District Court for the Middle District of Florida.

This Order disposes of Docket No. 75.

**IT IS SO ORDERED.**

Dated: January 4, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge